U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR - 7 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES V. FREE, JR. | CIVIL ACTION NO. 1:08-CV-0300 |
| VS. | SECTION P |
| TIMOTHY WILKINSON, WARDEN | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus (28 U.S.C. §2254) filed on February 28, 2008 by pro se petitioner James V. Free, Jr. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Winn Corrections Center, Winnfield, Louisiana. Petitioner attacks this 2003 convictions for indecent behavior with a juvenile and pornography involving juveniles in the Ninth Judicial District Court, Rapides Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### Statement of the Case

On November 22, 2002 petitioner was charged with one count of indecent behavior with a juvenile (La. R.S.14:81) and one count of pornography with juveniles (La. R.S.14:81.1). [rec. doc. 1-4 p. 19] On May 2, 2003 the bill of information was amended to charge petitioner with twenty-five additional counts of child

pornography. [rec. doc. 1-4, pp. 36-38]

On May 5, 2003 petitioner entered into a plea agreement and pled guilty to one count of indecent behavior and two counts of child pornography. [rec. doc. 1-4, pp. 33-34 (court minutes); rec. doc. 1-6, pp. 60-72 (plea transcript)] On June 2, 2003 he was sentenced to serve 20 years at hard labor. [rec. doc. 1-4, p. 34 (minutes); rec. doc. 1-7, pp. 1-26(sentencing transcript)] On July 7, 2003 the court convened a hearing and clarified the sentence by ordering the petitioner to serve seven years at hard labor on the indecent behavior charge, and consecutive ten year hard labor sentences on the pornography charges. (These sentences were ordered to be served concurrently with the seven year sentence.) [rec. doc. 1-4, p. 35 (court minutes); rec. doc. 1-7, pp. 37-41 (transcript)] Petitioner did not appeal his conviction or sentence. [rec. doc. 1, ¶8]

On May 17, 2005 petitioner filed a *pro se* Application for Post-Conviction Relief in the Ninth Judicial District Court. [rec. doc. 1-5, pp. 1-26] In that pleading petitioner alleged, among other things, that he had filed no other applications for post-conviction relief with respect to the convictions and sentences that formed the object of his collateral attack. [rec. doc. 1-5, at p. 18[1]]

---

[1] Nevertheless, the record reveals that on or about May 10, 2004 petitioner filed a writ application in the Louisiana Third Circuit Court of Appeals. The writ application apparently sought review of a district court

2

Petitioner's application was denied by the trial court on January 31, 2006. [rec. doc. 1-5, pp. 32-35] On March 2, 2006, petitioner applied for writs to the Third Circuit [rec. doc. 1-5, pp. 36-50] On June 15, 2006, the Third Circuit denied writs and mailed notice of judgment to the petitioner. [See <u>State of Louisiana v. James Vernon Free, Jr.</u>, No. KH 06-00343 (La. App. 3 Cir. 6/15/2006) at rec. doc. 1-5, p. 51]

On some unspecified date petitioner filed an application for writs in the Louisiana Supreme Court. [rec. doc. 1-5, pp. 53-69] Petitioner's undated writ application was post-marked August 8, 2006 and received and filed in the Louisiana Supreme Court on August 15, 2006. [rec. doc. 1-5, p. 52] On May 4, 2007 the Supreme Court denied writs. <u>State of Louisiana ex rel. James V. Free, Jr. v. State of Louisiana</u>, 2006-2010 (La. 5/4/2007), 956 So.2d 606 [See also rec. doc. 1-5, p. 70]

On June 6, 2007 petitioner filed a pro se Motion to Quash in the Ninth Judicial District Court. [rec. doc. 1-7, pp. 42-53] It was summarily denied by the trial judge on June 11, 2007. [rec. doc. 1-7, p. 46] Petitioner applied for supervisory writs in the Third Circuit Court of Appeals. His writ application was received

---

order or judgment and raised unknown claims for relief. See <u>State of Louisiana v. James Vernon Free, Jr.</u>, No. 04-00637-KH. [rec. doc. 1-7, p. 54] According to the Third Circuit Clerk of Court, this writ application remained pending until June 22, 2004 when it was denied. A review of the presumptively reliable published jurisprudence of the State of Louisiana reveals no writ judgments in the Louisiana Supreme Court and therefore, it must be assumed that petitioner did not seek further review by filing a writ in Louisiana's Supreme Court.

3

and filed in that court on July 18, 2007, and assigned Docket Number 07-00885-KH.[rec. doc. 1-7, p. 58] Neither the pleadings nor the exhibits indicate the present status of that writ application.

Petitioner signed his federal *habeas* petition on February 28, 2008 and it was received and filed on that same date. [rec. doc. 1, p. 14]

## Law and Analysis

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. <u>Villegas v. Johnson</u>, 184 F.3d 467, 468 (5th Cir. 8/9/1999); <u>In Re Smith</u>, 142 F.3d 832, 834, citing <u>Lindh v. Murphy</u>, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

review..." 28 U.S.C. §2244(d)(1)(A).[2]

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

By his own admission, petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], five days (exclusive of holidays) following either June 2, 2003(the date that petitioner was sentenced)or

---

[2] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of petitioner's claims was only recently discovered. To the extent that petitioner might claim the benefit of statutory tolling as provided by 28 U.S.C. § 2244(d)(1)(B), (C), or (D), he has been directed to amend his pleadings to provide argument and evidence in support of such claim.

5

July 7, 2003 (the date his sentence was "clarified") or, on or about either June 9 or July 14, 2003.[3] Under 28 U.S.C. §2244(d)(1) he had one year, or until June 9 or July 14, 2004 to file his federal *habeas* petition.

To what extent petitioner may rely on the statutory tolling provision of §2244(d)(2) is unanswered by the pleadings and exhibits of record. According to the exhibits, petitioner apparently had some proceeding pending in the Third Circuit Court of Appeals from May 10 - June 22, 2004. [See footnote 1, *supra*] Arguably, there must have been some proceeding pending in the Ninth Judicial District Court prior to the date petitioner filed his writ application in the Third Circuit since it is logical to assume that his writ application sought review of a lower court judgment. In order to determine whether and for how long petitioner might rely on the statutory tolling provision of §2244(d)(2) depends on the nature of the pleading in question (i.e., whether the pleading may be considered a "properly filed

---

[3] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days. The amendment became effective on August 15, 2003 [See LA Bill Hist., 2003 Reg. Sess.] after petitioner's sentencing date. La. C.Cr.P. art. 13 provides in pertinent part, "In computing a period of time allowed or prescribed by law ... the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday... A legal holiday is to be included in the computation ... except when ... [t]he period is less than seven days." Since the period prescribed is less than seven days, the intervening weekends, which are considered legal holidays, have not been included in the computation of finality of judgment.

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim...") and the period of time such pleading may be considered to be "properly filed" and "pending." See §2244(d)(2).

Petitioner should amend his pleadings to provide the information necessary to determine whether his federal petition has been filed within the limitations period established by the AEDPA. Further, to the extent that petitioner's claims are time-barred, he should provide evidence and argument to establish that he is entitled to the benefits of statutory tolling pursuant to 28 U.S.C. §2244(d)(1)(B), (C), or (D) or equitable tolling.

Therefore,

**IT IS ORDERED THAT** petitioner amend his pleading within forty (40) days of this order and provide the following:

1. Petitioner should state when his judgment of conviction and sentence became final by the conclusion of direct review or by the expiration of the time for seeking such review and he should provide documentary evidence to support his theory;

2. Petitioner should provide a dated copy of all pleadings filed by him or on his behalf in the Ninth Judicial District Court, the Third Circuit Court of Appeals, or the Louisiana Supreme Court between June 2, 2003 and May 17, 2005;

3. Petitioner should specifically provide a copy of the pleadings filed in the Ninth Judicial District Court, the denial

7

of which resulted in the filing of the May 10, 2004 writ application to the Third Circuit Court of Appeal under that court's docket number 04 00637-KH; and, petitioner should provide a copy of the pleadings filed in the Third Circuit under the docket number set forth above; and further, petitioner should provide a copy of the Third Circuit's writ denial under Docket Number 04 00637-KH;

    4. To the extent that petitioner might claim that he sought further review of the Third Circuit's writ denial of the matter bearing Docket Number 04-00637-KH, he should provide copies of the writ applications (if any) filed in the Louisiana Supreme Court;

    5. Petitioner should state the date he claims to have filed his writ application in the Louisiana Supreme Court in the matter under that court's Docket Number 2006-KH-2010 and should provide proof in support of any claim that this writ application was filed within the delays provided by Louisiana Supreme Court Rule X, §5(a)[4];

    6. As noted above, petitioner filed a pro se Motion to Quash in the Ninth Judicial District Court on June 6, 2007 [rec. doc. 1-7, pp. 42-53]; this motion was summarily denied by the trial

---

[4] Supreme Court Rule X, §5(a) provides a thirty-day period within which to file writs seeking review of a lower court judgment. This 30-day period is reckoned from the date that notice of judgment was mailed by the lower court. According to the available evidence, the Third Circuit mailed Notice of Judgment on June 15, 2006 [see doc. 1-5, p. 51] and petitioner's writ application was not mailed until August 8, 2006. [Id., p. 52]

judge on June 11, 2007 [rec. doc. 1-7, p. 46] and petitioner applied for supervisory writs in the Third Circuit Court of Appeals; his writ application was received and filed in that court on July 18, 2007, and assigned Docket Number 07-00885-KH. [rec. doc. 1-7, p. 58] Petitioner should provide information on the current status of this pleading and should provide copies of any judgments or orders rendered by the Third Circuit.

In Chambers, Alexandria, Louisiana _____, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE