RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE _____9___,__7___,__08_____
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

JAMES V. FREE, JR.                    CIVIL ACTION NO. 1:08-CV-0300

VS.                                   SECTION P

TIMOTHY WILKINSON, WARDEN             JUDGE DRELL

                                      MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

James V. Free, Jr., an inmate in the custody of Louisiana's
Department of Public Safety and Corrections, filed the instant
*pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C.
§2254 on February 28, 2008. Petitioner attacks his 2003
convictions for indecent behavior with a juvenile and pornography
involving juveniles in the Ninth Judicial District Court, Rapides
Parish.  This matter has been referred to the undersigned for
review, report, and recommendation in accordance with the
provisions of 28 U.S.C. §636 and the standing orders of the
court. For the following reasons it is recommended that the
petition be **DENIED** and **DISMISSED WITH PREJUDICE** because the
petition is barred by the AEDPA's timeliness provisions codified
at 28 U.S.C. §2244(d).

### Statement of the Case

On November 22, 2002 petitioner was charged with one count
of indecent behavior with a juvenile (La. R.S.14:81) and one
count of pornography with juveniles (La. R.S.14:81.1). [rec. doc.

1-4 p. 19] On May 2, 2003 the bill of information was amended to charge petitioner with twenty-five additional counts of child pornography. [rec. doc. 1-4, pp. 36-38]

On May 5, 2003 petitioner entered into a plea agreement and pled guilty to one count of indecent behavior and two counts of child pornography. [rec. doc. 1-4, pp. 33-34 (court minutes); rec. doc. 1-6, pp. 60-72 (plea transcript)] On June 2, 2003 he was sentenced to serve 20 years at hard labor. [rec. doc. 1-4, p. 34 (minutes); rec. doc. 1-7, pp. 1-26(sentencing transcript)] On July 7, 2003 the court convened a hearing and clarified the sentence by ordering the petitioner to serve seven years at hard labor on the indecent behavior charge, and consecutive ten year hard labor sentences on the pornography charges. (These sentences were ordered to be served concurrently with the seven year sentence.) [rec. doc. 1-4, p. 35 (court minutes); rec. doc. 1-7, pp. 37-41 (transcript)] Petitioner did not appeal his conviction or sentence. [rec. doc. 1, ¶8]pr

On December 8, 2003 petitioner filed a *pro se* Motion for Transcripts in the Ninth Judicial District Court seeking copies of the transcripts of his plea and sentencing. On January 26, 2004, the motion was granted and the district court ordered the plea colloquy and sentencing be transcribed and forwarded to the petitioner. [rec. doc. 5, Exhibit A]

On January 12, 2004 petitioner was transferred from the

2

Rapides Parish Detention Center to the Forcht-Wade Corrections
Center. Petitioner remained at that facility until February 2,
2004 when he was transferred to his present place of confinement,
the Winn Corrections Center. Petitioner remained on lock-down
status from February 2 – April 18, 2004 and did not receive any
"legal mail" until some time after April 18. [rec. doc. 5, p. 3]

On May 10, 2004 petitioner filed a *pro se* Application for
Writ of Mandamus in the Third Circuit Court of Appeals. The writ
application was assigned Docket Number 04-00637-KH. [rec. doc. 5,
Exhibit B] On June 22, 2004 the Third Circuit denied the writ
application as moot noting, "... a ruling was rendered on
Relator's Motion ... on January 26, 2004..." State of Louisiana
v. James Vernon Free, Jr. No. KH 04-00637. [rec. doc. 5, Exhibit
C]

On November 19, 2004 petitioner filed a *pro se* "Motion for
Transcript of Suppression Hearing" in the Ninth Judicial District
Court. In support of the motion he alleged, "... the transcripts
of the hearing are needed for Movant does not want to commit
perjury due to his lack of being misinformed. The transcript will
allow Movant to attack his conviction collaterally by application
for post-conviction relief into this Honorable Court for he feels
many constitutional violations have taken place during the
proceedings at bar." [rec. doc. 5, Exhibit D]

On February 23, 2005 petitioner filed an application for

3

writ of mandamus in the Third Circuit; the writ application was assigned Docket Number 05-00246-KH. Petitioner asked the Third Circuit to order the district court to act on his motion for production of the transcript of the motion to suppress. [rec. doc. 5, Exhibit E] On the same date that petitioner filed his application for writ of mandamus, the Ninth Judicial District Court denied his motion for the transcript of the suppression hearing stating, "The defendant has not stated any particular need and the request for a free copy of the transcript is denied. Defendant may have the transcript typed at his own cost." [rec. doc. 5, Exhibit F] Thereafter, on March 17, 2005, the Third Circuit denied petitioner's request for a writ of mandamus as moot. <u>State of Louisiana v. James Vernon Free, Jr.</u>, No. KH 05-00246. [rec. doc. 5, Exhibit G]

On May 17, 2005 petitioner filed a *pro se* Application for Post-Conviction Relief in the Ninth Judicial District Court raising the following claims for relief: (1) Constructive denial and ineffective assistance of counsel based on (a) trial counsel's failure to adequately provide petitioner with an understanding of the law, thus rendering petitioner's guilty plea involuntary;(b) counsel's failure to adequately investigate; (c) counsel's failure to advise the court of petitioner's mental state; (2) false statements by the victim and a witness concerning the place where the alleged offenses occurred and

4

ineffective assistance of counsel based on counsel's failure to investigate this aspect of the State's case and false arrest warrants; (3) false testimony presented at the hearing on the motion to suppress with respect to the date that petitioner's computer was purchased which was "suppressed" by petitioner's attorney and the prosecutor in violation of Brady v. Maryland, petitioner's mental incompetency, the failure of the trial court to include all of the *Boykin* rights during the plea colloquy and breach of the plea agreement.  [rec. doc. 1-5, pp. 1-26]

On December 15, 2005 petitioner filed a *pro se* "Motion to Compel Order" in the Third Circuit Court of Appeals. By this pleading, petitioner asked the Court of Appeals to order the District Judge to act on his application for post-conviction relief. [rec. doc. 5, Exhibit H] The pleading was received and filed by the Third Circuit on December 20, 2005 and assigned Docket Number 05-01593-KH. [rec. doc. 5, Exhibit I]

Petitioner's application was denied by the trial court on January 31, 2006. [rec. doc. 1-5, pp. 32-35]

On February 17, 2006 the Third Circuit, noting that petitioner's application for post-conviction relief had been ruled on, denied petitioner's writ application as moot. State of Louisiana v. James Vernon Free, Jr., No. KH 05-01593. [rec. doc. 5, Exhibit J]

5

On March 2, 2006, petitioner applied for writs to the Third Circuit [rec. doc. 1-5, pp. 36-50] On June 15, 2006, the Third Circuit denied writs and mailed notice of judgment to the petitioner. [See State of Louisiana v. James Vernon Free, Jr., No. KH 06-00343 (La. App. 3 Cir. 6/15/2006) at rec. doc. 1-5, p. 51]

On June 23, 2006 petitioner corresponded with the Clerk of the Louisiana Supreme Court requesting an extension of time. On June 27, 2006 he was granted an extension of 60 days or until August 27, 2006 within which to file his pleadings in the Supreme Court. [rec. doc. 5, Exhibit K]

On July 14, 2006 petitioner requested a copy of an exhibit offered as evidence at his motion to suppress along with a copy of the transcript of the hearing. On July 18, 2006, the District Judge ordered the Clerk to provide petitioner with the exhibit. [rec. doc. 5, Exhibit L]

Petitioner's writ application [rec. doc. 1-5, pp. 53-69] was post-marked August 8, 2006 and received and filed in the Louisiana Supreme Court on August 15, 2006. [rec. doc. 1-5, p. 52]

In December 2006, while his writ application was pending in the Louisiana Supreme Court, petitioner filed a pro se "Motion to Review and Amend Sentence" in the Ninth Judicial District Court. His motion was denied without comment by the District Judge.

6

Petitioner filed a timely notice of his intent to seek further review in the Third Circuit Court of Appeals.   [rec. doc. 5, Exhibit M]

On February 5, 2007 his writ application was received and filed by the Third Circuit and assigned Docket Number 07-00142-KH. [rec. doc. 5, Exhibit N] On March 15, 2007 the Third Circuit denied writs noting, "As the time to seek amendment of his sentence has expired, Relator's motion was treated as an application for post-conviction relief. However, the application for post-conviction relief is untimely, and Relator did not allege an exception to the time limitations. La. Code Crim.P. art. 930.8. Furthermore, sentencing claims are precluded from review on post-conviction. See State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172." State of Louisiana v. James Vernon Free, Jr., No. KH 07-00142. [rec. doc. 5, Exhibit O] On May 4, 2007 the Supreme Court denied writs. State of Louisiana ex rel. James V. Free, Jr. v. State of Louisiana, 2006-2010 (La. 5/4/2007), 956 So.2d 606 [See also rec. doc. 1-5, p. 70]

On June 6, 2007 petitioner filed a *pro se* Motion to Quash in the Ninth Judicial District Court. [rec. doc. 1-7, pp. 42-53] It was summarily denied by the trial judge on June 11, 2007. [rec. doc. 1-7, p. 46] Petitioner applied for supervisory writs in the Third Circuit Court of Appeals. His writ application was received and filed in that court on July 18, 2007, and assigned Docket

Number 07-00885-KH.[rec. doc. 1-7, p. 58] On August 31, 2007, the
Third Circuit ordered a stay in the proceedings pending the
Louisiana Supreme Court's ruling in State v. Fussell. State of
Louisiana v. James Vernon Free, Jr. No. KH 07-885. The Third
Circuit's stay was ostensibly lifted on January 16, 2008, when
the Supreme Court issued its ruling in Fussell.[1] [rec. doc. 5,
Exhibit P]

Petitioner signed his federal *habeas* petition on February
28, 2008 and it was received and filed on that same date. [rec.
doc. 1, p. 14]

### Law and Analysis

### 1. *Limitations - 28 U.S.C. §2244(d)(1)(A)*

This petition was filed after the effective date of the
Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).
Therefore, the court must apply the provisions of AEDPA,
including the timeliness provisions codified at 28 U.S.C.

---

[1] In State v. Fussell, 2006-324 (La. App. 3 Cir. 9/27/06), 941 So.2d
109, 125, the Third Circuit reversed the defendant's conviction on multiple
counts of possession of child pornography holing, "A reading of La.R.S.
14:81.1 convinces us it is ambiguous as to what constitutes an allowable unit
of prosecution. Therefore, under the appropriate rules of statutory
construction, this ambiguity must be resolved in favor of lenity and the
Defendant's multiple convictions for possession of pornography should be
reduced to a single conviction and the case remanded for resentencing as to
that conviction." The Supreme Court granted the State's writ application,
State v. Fussell, 2006-2595 (La. 6/22/07), 959 So.2d 482, and on January 16,
2008, reversed the Third Circuit, and held, "...as applicable here, under La.
R.S. 14:81.1(A)(3), we conclude that one who intentionally possesses child
pornography can be charged on a separate count, and sentenced separately for
each count upon which he or she is convicted, for each child in each sexual
performance captured within photographs, films, videotapes, and/or other
visual reproductions that comprise the defendant's collection of child
pornography. State v. Fussell, 2006-2595 (La. 1/16/08), 974 So.2d 1223, 1238.

§2244(d). <u>Villegas v. Johnson</u>, 184 F.3d 467, 468 (5th Cir. 8/9/1999); <u>In Re Smith</u>, 142 F.3d 832, 834, citing <u>Lindh v. Murphy</u>, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review was pending in state court is not counted toward the limitation period. <u>Ott v. Johnson</u>, 192 F.3d 510, 512 (5th Cir. 1999); <u>Fields v. Johnson</u>, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted

---

[2] Nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Nothing in the record suggests that the factual predicate of petitioner's claims was only recently discovered. To the extent that petitioner claims that State created impediments prevented his timely filing (see 28 U.S.C. § 2244(d)(1)(B)) that claim is addressed in Part 2, below.

9

against the one-year limitation period. <u>Villegas</u>, 184 F.3d 467,

citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 197 (5th Cir.1998).

Federal courts may raise the one-year time limitation *sua sponte.*

<u>Kiser v. Johnson</u>, 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence.

Indeed, under Louisiana law, petitioner could not appeal his

conviction or sentence since he pled guilty pursuant to a plea

bargain and was sentenced in accordance to the agreed upon

sentencing cap. See <u>State v. Crosby</u>, 338 So.2d 584 (La.1976)(An

unqualified guilty plea waives all non-jurisdictional defects.)

See also La.Code Crim.P. art. 881.2(A)(2)("The defendant cannot

appeal or seek review of a sentence imposed in conformity with a

plea agreement which was set forth in the record at the time of

the plea.") See also <u>State v. Young</u>, 1996-0195 (La.10/15/96), 680

So.2d 1171 (Art. 881.2's prohibition applies both to agreed

sentences and to agreed ceilings, "ranges" or "caps.")

Thus, for AEDPA purposes, petitioner's judgment of

conviction and sentence, at the latest, "became final by ... the

expiration of the time for seeking [direct] review" [28 U.S.C.

§2244(d)(1)(A)], five days (exclusive of holidays) following July

7, 2003 (the date petitioner's sentence was "clarified") or, on

or about July 14, 2003.[3] Under 28 U.S.C. §2244(d)(1) he had one

---

[3] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's
conviction and sentence, provided, "The motion for an appeal must be made no
later than [f]ive days after the rendition of the judgment or ruling from

year, or until July 14, 2004 to file his federal *habeas* petition.

Petitioner implies that he is entitled to statutory tolling pursuant to §2244(d)(2) which provides "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, the record submitted by the petitioner establishes that he did not file his first Application for Post-Conviction Relief until May 17, 2005 [rec. doc. 1-5, pp. 1-26] and by that time the limitations period had already expired, and, as shown above, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. <u>Villegas</u>, 184 F.3d 467, citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 197 (5th Cir.1998).

To the extent that petitioner relies on the motions for

---

which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days. The amendment became effective on August 15, 2003 [See LA Bill Hist., 2003 Reg. Sess.] after petitioner's sentencing date. Thus, the court must apply the pre-amendment version of Art. 914 to determine finality of judgment.

La. C.Cr.P. art. 13 provides in pertinent part, "In computing a period of time allowed or prescribed by law ... the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday... A legal holiday is to be included in the computation ... except when ... [t]he period is less than seven days." Since the period prescribed is less than seven days, the intervening weekends, which are considered legal holidays, have not been included in the computation of finality of judgment.

11

transcripts and applications for mandamus[4] to toll the

limitations period, his reliance is misplaced because these

motions and applications are not "... State post-conviction or

other collateral review..." sufficient to toll the AEDPA

limitations period.[5]

---

[4] As shown above, petitioner filed a *pro se* Motion seeking transcripts of his plea and sentencing on December 8, 2003. This motion was granted on January 26, 2004. [rec. doc. 5, Exhibit A] However, petitioner was apparently unaware that his motion had been granted and so, on May 10, 2004, he filed a *pro se* petition for writ of mandamus in the Third Circuit Court of Appeals. This pleading remained pending until June 22, 2004 when the Third Circuit dismissed it as moot. [rec. doc. 5, Exhibits B and C] On November 19, 2004 petitioner filed another Motion for transcripts in the district court. [rec. doc. 5, Exhibit D] This motion was denied on February 23, 2005, the same date that petitioner filed yet another petition for mandamus in the Third Circuit Court of Appeals. This writ application was also denied as moot by the court of appeals on March 17, 2005. [rec. doc. 5, Exhibits E, F, and G]


[5] See Brisbon v. Cain, 2000 Wl 45872, *2 (E.D.La.2000)("Because [a motion for transcripts] is preliminary in nature and does not directly call into question the validity of a defendant's conviction or sentence, the Court does not believe that it qualifies as an '...application for State post-conviction or other collateral review with respect to the pertinent judgment or claim...' so as to suspend the running of the one-year statute of limitations under § 2244(d)(2).); Lookingbill v. Cockrell, 293 F.3d 256, 263 (5th Cir.2002) citing Williams v. Cain, 125 F.3d 269, 274 (5th Cir.1997) (motion for appointment of counsel does not toll the one-year limitation period because a habeas petition is pending only after the petition itself is filed); See also Myers v. Cain, 2001 WL 1218763, *4 (E.D.La., 2001)(An ancillary civil action which sought evidence relative to the claims petitioner wished to pursue in post-conviction relief, is not "... State post-conviction or other collateral review..." since such ancillary action, even if successful, would still have been insufficient to have the pertinent conviction or sentence set aside); Soileau v. Cain, 2005 WL 1629945 (W.D. La. 2005); Jackson v. Cooper, 2006 WL 2193427 (W.D.La. 2006); Coleman v. Cain, 2006 WL 2589215 (E.D.La. 2006)(Citing Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr.12, 1999) (Table, Text in Westlaw)("... a motion for transcripts or copies ... is not 'other collateral review' which would entitle a petitioner to statutory tolling under Section 2244(d)(2)..."); Gerrets v. Futrell, 2002 WL 63541 (E.D.La. 2002)(A motion for a free copy of guilty plea and sentencing transcript does not qualify as an "... application for State post-conviction or other collateral review ..." so as to toll the limitation period under Section 2244(d)(2) because it is preliminary in nature and did not directly call into question petitioner's conviction or sentence.); Moore v. Cain, 298 F.3d 361, 367 (5th Cir. 2002)(Since mandamus does not challenge the "pertinent judgment or claim" it cannot toll limitations pursuant to §2244(d)(2).).

In short, if the AEDPA limitations period is calculated pursuant to the provisions of 28 U.S.C. §2244(d)(1)(A), then the instant petition is time-barred.

## 2. *State Created Impediments - 28 U.S.C. §2244(d)(1)(B)*

To the extent that petitioner implies that the limitations period should be reckoned as provided in §2244(d)(1)(B), his claim fares no better. Under the terms of that section and subsection, the AEDPA's limitation period is reckoned from "... the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action..."

The record herein reflects that petitioner's motion to

---

Additionally, it should be noted that even if petitioner were entitled to rely upon these filings to toll the limitations period, his claim would still be time-barred. This is so because a period of 146 days elapsed between July 14, 2003 (the date petitioner's judgment of conviction became final by the conclusion of the time for seeking direct review) and December 8, 2003 (the date petitioner filed his first motion for transcript in the district court). That motion remained pending until January 26, 2004 when the district court denied relief. Thereafter, a period of 104 days elapsed before petitioner filed his first application for writ of mandamus in the Third Circuit Court of Appeals. That matter remained pending until June 22, 2004 when the Third Circuit denied relief. A period of 149 days then elapsed before November 19, 2004, the date petitioner filed his motion for the transcript of the motion to suppress hearing. That motion and the second application for mandamus remained pending until March 17, 2005 when the Third Circuit again denied relief. Thereafter, another 60 days elapsed before petitioner filed his application for post-conviction relief on May 17, 2005. Even if the limitations period is tolled during the 97 day period petitioner was in transit and in lock-down (February 2, 2004 – April 18, 2004), a period of 362 days elapsed un-tolled between the date petitioner's judgment of conviction became final and the date he filed his first application for post-conviction relief. That matter remained pending until May 4, 2007 when the Louisiana Supreme Court denied writs. Then, another 30 days elapsed before petitioner filed his Motion to Quash on June 6, 2007.

obtain the transcripts of his plea and sentencing were granted shortly after he filed his motion. Petitioner has not shown how he was impeded from filing either his state post-conviction application or the instant *habeas corpus* petition as a result of the delay inherent in the transcription process of his plea and sentencing hearings, or by the court's refusal to provide him free transcripts of the pre-trial motion to suppress hearing.

While the Fifth Circuit has not issued a published decision precisely on point, other federal circuits have held that problems associated with obtaining transcripts do not amount to an impediment for purposes of § 2244(d)(1)(B). See Lloyd v. Van Natta, 296 F.3d 630, 632-33 (7th Cir.2002); Randolph v. Taylor, 69 Fed. Appx. 824, 825 (9th Cir.2003); Miller v. Cason, 49 Fed. Appx. 495, 497 (6th Cir.2002); Crawford v. Costello, 27 Fed. Appx. 57 (2nd Cir.2001).  This is so because the lack of transcripts alone does not *prevent* a petitioner from seeking post-conviction or *habeas* relief. Lloyd v. Van Natta, 296 F.3d at 633.

Further, although his request for free copies of the motion to suppress transcript was denied, he did not have a constitutional right to a free copy of the records for purposes of a collateral challenge to his conviction. See United States v. MacCollom, 426 U.S. 317, 323-24 (1976). Finally, the records submitted by petitioner indicate that petitioner receives $210

14

per month from the Veterans Administration for Disability
Compensation [rec. doc. 5, Exhibit M, p. 7] and therefore, to the
extent that petitioner truly desired these transcripts, he was
clearly able to pay for them. In short, even if the delays in
providing the transcripts impeded petitioner's habeas action, the
impediments were not violative of the Constitution and laws of
the United States and so petitioner may not rely on this
provision of statutory tolling.

To the extent that petitioner implies that his confinement
in lock-down during the period from February 2, 2004 - April 18,
2004 was a State created impediment, the claim is likewise
without merit since, as shown above, even if this 76 day period
is tolled, a period of well over 365 un-tolled days elapsed
between the date that this impediment ceased (April 18, 2004) and
the date petitioner filed his application for post-conviction
relief (May 17, 2005).

### 3. *Equitable Tolling*

Finally, petitioner's pleadings and exhibits do not suggest
extraordinary circumstances such as to warrant the application of
equitable tolling thus exempting petitioner's claims from
dismissal under §2244(d)(1).  The one-year limitation period is
subject to equitable tolling but, only in "rare and exceptional
cases." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998), *cert.*
*denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999);

15

see also <u>Fisher v. Johnson</u>, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting <u>Davis</u>, 158 F.3d at 811)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See <u>Turner v. Johnson</u>, 177 F.3d 390, 291 (5th Cir.1999); see also <u>Barrow v. New Orleans S.S. Ass'n</u>, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting <u>Rashidi v. American President Lines</u>, 96 F.3d 124, 128 (5th Cir.1996) emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

16

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and he is not eligible for the benefits of either statutory or equitable tolling.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).**

17

In Chambers, Alexandria, Louisiana _____,
2008.

                                   _____
                                   JAMES D. KIRK
                                   UNITED STATES MAGISTRATE JUDGE